**Application of John PAVLECKA.**
**Patent Appeal No. 6983.**

United States Court of Customs
and Patent Appeals.
April 25, 1963.
Rehearing Denied June 10, 1963.

James E. Siegel, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

SMITH, Judge.

The Board of Appeals affirmed the examiner's rejection of claims 11, 18, 25, 32, 49, 52, 53, 57, 58 and 59 of appellant's application Ser. No. 326,391, filed Dec. 17, 1952 for "Interlocked Panel Structure", as unpatentable over certain prior art. Applicant has appealed. The sole issue raised on appeal is the correctness of this holding. Claim 11 is typical of the claims on appeal and states the structural features which appellant asserts patentably distinguish it and the other appealed claims[1] from the prior art cited by the examiner and relied upon by the board. These references are:

| Davison | 1,116,391 | Nov. 10, 1914 |
| London | 2,164,138 | June 27, 1939 |
| Harman (British) | 649,182 | Jan. 24, 1951 |

Claim 11, rewritten in outline form, sets forth what appellant conceives to be his invention as follows:

"11.  In a structure,

"[A]  two spaced apart panels facing each other,

"[B]  a number of structural members interadjacent said panels at modular intervals,

    "[1]  *each of said structural members having two coplanar shoulders*

       "[a]  *distanced from each of said panels*

       "[b]  *and having a lengthwise mortise with undercut flanks between said shoulders,*

"[C]  *and stringers extending on said panels at modular intervals,*

    "[1]  *each of said stringers bearing a lengthwise tenon with*

       "[a]  *undercut flanks thereon* and

       "[b]  *bearing lands alongside said* tenon,

    "[2]  each of said stringers being in a slidable engagement of said tenon thereof with said mortise in one of said structural members and carrying

---

1.  "The appealed claims, while differing somewhat in the terminology employed, recite various combinations of panel structures having the same basic structural features found in claim 11. Appellant, in his pro se brief, has included a helpful Claim Index which we quote below:

Listing the Claims on Appeal

| Group | Subject Matter | Claim or Claims |
|---|---|---|
| 1. | A PANEL AND A STRUCTURAL MEMBER | 52, 53 |
| 2. | TWO SPACED APART FACING PANELS | 11 |
| 3. | TWO OR MORE PANELS IN A ROW AND STRUCTURAL MEMBERS | 25 |
| 4. | THREE PANELS IN MEETING AND FACING RELATIONSHIPS | 18 |
| 5. | TWO SPACED APART ROWS OF PANELS AND KEYING MEMBERS (HOLLOW WALL) | 32, 57, 58, 59 |
| 6. | A NUMBER OF PANELS IN ANY RELATIONSHIP, AS AT AN INTERSECTION | 49" |

746

said lands thereof in contiguity with said distanced structural member shoulders,

"[3] said panel stringers being engageable with said structural members at any one of said modular intervals for facing said panels with each other by anywhere from one to all of said intervals,

"[D] *said structural members being in contiguity of said shoulders thereof with said stringer lands for abutment therewith under strain and for coaction of* *said members with said stringers as unitary stress members for said panels."*

Appellant relies upon the above emphasized portions of claim 11 to patentably distinguish claim 11 from the prior art. Similar structural limitations appear in various wordings in the other appealed claims and it is the substance of these limitations which appellant relies upon to patentably distinguish all of the appealed claims.

The following figures here reproduced from appellant's drawing and from the British patent to Harman will assist in visualizing the claimed invention and its relation to the prior art.

Portion of Fig. 3 of Appellant's Drawing

Fig. 4.  Harman (British) Patent

– 3 –

PA 6983

One specific feature emphasized by appellant as distinguishing his claim from the prior art structures is the coaction of the claimed structural elements to provide "unitary stress members" for the panels.

The Harman patent also discloses in another figure, two spaced apart rows of panels with two panels in abutting relationship in each row. All four panels at a joint are connected together at coincident parting lines by a single key or "H-section girder". Harman's "H-section girder" member has inturned flange margins forming mortises confronting the parting lines of the facing

panels, as shown in Fig. 4 above. The panels shown in Fig. 4 are apparently of non-metallic material (e. g., wood or fibreboard), to which the edge members are secured. The edge members each have outturned margins or half tenons slidably engageable by adjacent pairs in the mortises formed by the flange margins. As clearly shown in the above figure, the attaching base of an edge member extends laterally beyond the mortise of the flange and abuts the outer face of the inturned margin thereof. Harman states that "such H-section girders II from a robust frame structure". The joint formed by the H-section girder can be repeated successively at equal intervals for a hollow wall. Harman states that his panels "are wholly or in the main interchangeable with one another".

London shows two facing panels held together by slidable key members engageable with dovetailed tenons on the panels. Arms on one side of the key member and alternate arms on the other side have inturned edges which collectively constitute mortises on opposite sides of the slidable key member. London indicates that the key members and associated tenons "may function as true columns or load-supporting members, and the spacing thereof may be appropriately selected, if desired, with respect to the beams of the ceiling or roof structure." In other words, such elements may assume the role of conventional studs having equal spacing. In another embodiment, London also shows the lapping of panels with respect to a parting line for two facing parallel panels, and expressly prefers such staggering for one species of his invention. The intermediate stringers on each panel are illustrated as being equally spaced on centers.

Davison shows precast concrete weather boards having inturned half tenons at their vertical edges and an intermediate full tenon, all snugly interfitted with the mortises of concrete studs. As in appellant's disclosure, two half tenons at the parting line for edge-abutting panels or weather boards cooperate to form a full tenon. Davison states that the "T-shaped locking rib" or full tenon is "formed on the inner face of the board 10 at a medial point thereof".

All of the appealed claims were rejected as unpatentable over Harman in view of London and Davison. We have carefully considered all the arguments advanced in appellant's *pro se* brief and those advanced at oral argument by counsel on his behalf. We have also reviewed the opinions of the Examiner and the Board of Appeals in the light of these arguments. We agree with and adopt as our opinion the following statement from the opinion of the Board of Appeals:

> "* * * We are convinced that the teaching of Harman would direct persons of ordinary skill in the art to a fitted relationship of the parts providing the illustrated abutment between the studding and panel carried parts. The rejection of claims 11, 18, 25, 32, 49, 52, 53, 57, 58 and 59 as unpatentable over the applied references for reasons as advanced by the Examiner is affirmed."

Affirmed.